UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATA BIENIEK,<br><br>                          Plaintiff,<br><br>v.<br><br>ALVARADO HOSPITAL MEDICAL CENTER; SCRIPPS HEALTH,<br><br>                        Defendants. | Case No.: 3:21-cv-00018-AJB-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND, (Doc. No. 1); AND**<br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR IN FORMA PAUPERIS, (Doc. No. 2)** |

      Plaintiff Renata Bieniek ("Plaintiff"), proceeding pro se, filed this action against Alvarado Hospital Medical Center and Scripps Health La Jolla. (Doc. No. 1.) Plaintiff also filed a motion seeking leave to proceed in forma pauperis ("IFP"). Plaintiff seeks to "appeal" her medical bills from September 23, 2020, to November 10, 2020. (*Id.* at 1.) Plaintiff's Complaint is currently before the Court for screening.

**I.    SCREENING REQUIREMENT AND STANDARD**

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). Because Plaintiff is proceeding IFP, the Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254

F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must sua sponte dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived'"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation

2

of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

### A. Discussion

Plaintiff brings this suit against Alvarado Hospital Medical Center and Scripps Health La Jolla. In the Complaint, Plaintiff requests an "appeal" of "medical bills" from September 23, 2020, to November 10, 2020. (Doc. No. 1 at 1.) Plaintiff asserts that she was in admitted to Scripps Health La Jolla on September 23, 2020 and was then transported to Alvarado Hospital Medical Center. She remained at Alvarado Hospital until November 10, 2020. (*Id.*) In addition to filing a Complaint, Plaintiff attached several medical records and medical bills from both Alvarado Hospital and Scripps Health La Jolla. Also, Plaintiff offers her past employment history, in addition to documents reflecting her past employment as a music instructor.

#### 1. Failure to State a Claim Upon Which Relief May Be Granted

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff has failed to sufficiently state a claim upon which relief may be

granted. In the Complaint, Plaintiff requests to "appeal" her medical bills but provides no further facts to support any cause of action. Unclear to the Court is how Plaintiff would like her medical bills "appealed," and what relief she precisely seeks. Specifically, she offers no factual allegations as to why she would like to "appeal" her medical bills, the amount of her medical bills, if she is seeking to proceed in bankruptcy court, the circumstances giving rise to the debt, or any other details concerning Defendants' handling of the debt. She additionally provides no rule, regulation, statute, or theory as to how she would be entitled to have her medical bills discharged. Based on this failure to allege sufficient facts, the Court **DISMISSES** Plaintiff's Complaint.

### 2. Subject Matter Jurisdiction

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) (federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A review of the Complaint reveals it should be dismissed for lack of subject matter jurisdiction because the Complaint fails to demonstrate a basis for such jurisdiction.

### a) Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question

is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

The entirety of Plaintiff's allegations, however, concerns an "appeal" of medical bills. But Plaintiff does not show how her claims arise under federal law, and without more, these claims are not suitable for this Court's review. Thus, as alleged, the Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, based on the claims plausibly asserted in the Complaint, the court lacks federal question jurisdiction.

### b) Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. Jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Here, Plaintiff does not allege the amount in controversy. While her claims surround her medical bills, she does not state the amount at issue. Based on this lack of information, Plaintiff has not met her burden of establishing an amount in controversy over the jurisdictional amount required for diversity jurisdiction.

Plaintiff has also failed to allege that the parties' citizenships are completely diverse. The Complaint has no indication of the residencies of Plaintiff or Defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996) ("The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant). Accordingly, Plaintiff has not met her burden of establishing diversity jurisdiction under 28 U.S.C. § 1332.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff also moves to proceed IFP under 28 U.S.C. § 1915. An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th

Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

However, even if a plaintiff meets the income requirement, the Ninth Circuit indicates that leave to proceed in forma pauperis pursuant to 28 U.S.C. section 1915(a) is properly granted only when plaintiff has demonstrated poverty *and* presented a claim that is not factually or legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (emphasis added). For the reasons set forth above, Plaintiff's Complaint does not properly state a claim, thus the Court **DENIES** Plaintiff's IFP motion **AS MOOT**.

### III.   CONCLUSION

In light of the foregoing, the Court **DENIES AS MOOT** Plaintiff's IFP motion, (Doc. No. 2) and **DISMISSES** Plaintiff's Complaint. (Doc. No. 1). "The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and "[t]his policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). As such, the Court provides Plaintiff **LEAVE TO AMEND** to address the deficiencies stated herein. Should Plaintiff wish, she may file an Amended Complaint and renewed IFP motion by **September 30, 2021**. Failure to do so will result in a dismissal of Plaintiff's action.

**IT IS SO ORDERED.**

Dated:  August 24, 2021

Hon. Anthony J. Battaglia
United States District Judge